UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN SPENCER, individually on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>HONDA MOTOR CORP. LTD., a Japanese Corporation, et. al.<br><br>    Defendants. | No. 2:21-cv-00988-JAM-DMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Shawn Spencer, representing himself and all others similarly situated, sues Honda Motor Corporation, a Japanese corporation, and American Honda Motor Company, Inc., a subsidiary headquartered in California, collectively ("Defendants" or "Honda"), for three claims: (1) violation of the California Consumer Legal Remedies Act, (2) violation of the California Unfair Competition Law, and (3) violation of the California False Advertising Law. See Complaint ("Compl."), ECF No. 1.

Defendants move to dismiss all claims for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). See Motion to Dismiss ("Mot."), ECF No. 10. Plaintiff opposes the motion. See Opp'n, ECF No. 19. Defendants replied. See Reply, ECF No. 20. For the reasons set

1

forth below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss.[1]

## I. BACKGROUND

Defendants manufacture and market various models of off-road vehicles known generally as utility terrain vehicles ("UTVs"). Compl. ¶ 1. Each Honda UTV model allegedly has a label that states the vehicle's rollover protection system ("ROPS") complies with the Department of Occupational Safety and Health Administration's ("OSHA") requirements under 29 C.F.R. § 1928.53. Id. ¶¶ 3-5. Plaintiff alleges that, contrary to Defendants' label claim, Defendants' testing practices do not comply with OSHA's requirement. Id. ¶ 37. Plaintiff alleges he saw and relied upon Defendants' ROPS label when he purchased his UTV. Id. ¶ 45. Plaintiff avers that "[i]f the sticker said that the ROPS structure failed to meet OSHA requirements, he would not have purchased [the vehicle]." Id. Plaintiff thus brings claims for fraud and misrepresentation under California law. Id. ¶¶ 92-93, 99-109, 115-116.

## II. OPINION

A. Judicial Notice

Federal Rule of Evidence 201 allows the Court to notice a fact if it is "not subject to reasonable dispute," such that it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 23, 2022.

2

1    Defendants request the Court take judicial notice of a
2 table of vehicle weights published by the United States
3 Department of Energy and a publication by the International
4 Organization for Standardization ("ISO").  See Req. for Judicial
5 Notice, ECF No. 11.  The Court grants Defendants' request for
6 judicial notice.  See Pargett v. Wal-Mart Stores., 2020 WL
7 5028317, at *3 (C.D. Cal. Apr. 10, 2020) (taking judicial notice
8 of documents published on the Department of Energy's website);
9 see also In re Toyota Motor Corp., 785 F. Supp. 2d 883, 901
10 (C.D. Cal. 2011) (taking judicial notice of certain documents
11 published by the ISO, because they "embrace proper subjects of
12 judicial notice").  The Court's judicial notice, however,
13 extends only to the existence of these documents and not to
14 their substance to the extent it is disputed or irrelevant.  Lee
15 v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).
16    B.   Legal Standard
17    Federal Rule of Civil Procedure 8(a)(2) requires "a short
18 and plain statement of the claim showing that the pleader is
19 entitled to relief."  When a plaintiff fails to "state a claim
20 upon which relief can be granted," the Court must dismiss the
21 suit.  Fed. R. Civ. P. 12(b)(6).  To defeat a motion to dismiss,
22 a plaintiff must "plead enough facts to state a claim to relief
23 that is plausible on its face."  Bell Atlantic Corp. v. Twombly,
24 550 U.S. 544, 570 (2007).  Plausibility under Twombly requires
25 "factual content that allows the Court to draw a reasonable
26 inference that the defendant is liable for the misconduct
27 alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "At this
28 stage, the Court 'must accept as true all of the allegations

3

1 contained in a complaint.'" Id. But it need not "accept as
2 true a legal conclusion couched as a factual allegation." Id.
3     Here, where Plaintiff alleges claims based in fraud,
4 Plaintiff's allegations must satisfy the heightened pleading
5 standard of Rule 9(b). Fed. R. Civ. P. 9(b). "To comply with
6 Rule 9(b), allegations of fraud must be specific enough to give
7 defendants notice of the particular misconduct which is alleged
8 to constitute the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764
9 (9th Cir. 2007) (internal quotation marks omitted). The
10 "[a]verments of fraud must be accompanied by the who, what,
11 when, where, and how of the misconduct charged." Kearns v. Ford
12 Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal
13 quotation marks omitted). It is not enough to set forth "the
14 neutral facts necessary to identify the transaction. The
15 plaintiff must set forth what is false or misleading about a
16 statement, and why it is false." Vess v. Ciba-Geigy Corp. USA,
17 317 F.3d 1097, 1106 (9th Cir. 2003). This heightened pleading
18 standard applies to state-law claims sounding in fraud. Vess,
19 317 F.3d at 1103-04.
20     Leave to amend shall be granted, unless the "pleading could
21 not possibly be cured by the allegation of other facts." Cooks,
22 Perkiss & Leiche, Inc. v. N. Cal. Collection Serv., Inc., 911
23 F.2d 242, 246-47 (9th Cir. 1990).
24     C. Analysis
25       1. Misrepresentation
26     To state a claim under the California's Consumer Legal
27 Remedies Act ("CLRA"), Unfair Competition Law ("UCL") and False
28 Advertising Law ("FAL"), a plaintiff must allege that

4

defendant's purported misrepresentation is likely to deceive a reasonable consumer. See Branca v. Nordstrom, Inc., 2015 WL 1841231, at *6 (S.D. Cal. Mar. 20, 2015) (citing Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008)). Defendants contend that Plaintiff cannot identify an actionable misrepresentation because, contrary to Plaintiff's allegations, Defendants complied with OSHA's requirements at 29 C.F.R. § 1928.53 as a matter of law.

Section 1928.53 requires that, when testing a vehicle's roll-over protection system, the manufacturer use the vehicle's weight as a variable. §§ 1928.53(d)(2)(ii), (d)(3)(A), and (d)(4)(A). "Weight" is defined at 29 C.F.R § 1928.51(a) as:

> Tractor weight [that] includes the protective frame or enclosure, all fuels, and other components required for normal use of the tractor. Ballast shall be added as necessary to achieve a minimum total weight of 110 lb. (50.0 kg.) per maximum power take-off horsepower at the rated engine speed or the maximum gross vehicle weight specified by the manufacturer, whichever is the greatest. Front end weight shall be at least 25 percent of the tractor test weight. In case power take-off horsepower is not available, 95 percent of net engine flywheel horsepower shall be used.

Plaintiff contends that Defendants used the wrong weight as a matter of fact; Defendants contend that they used the correct weight as a matter of law. Mot. at 7; Opp'n at 12. The crux of their competing views lies in whether the last sentence of this provision, regarding flywheel horsepower, applies to situations where the vehicle in question lacks a power take-off ("PTO")[2].

---

[2] "A PTO is a device that transfers power from a vehicle's engine to a secondary application . . . allowing the secondary application to perform its function without a need for an additional engine to power it." Mot. at 8, n.1.

5

The Court finds that Plaintiff is correct in that it does.

Defendants' argument that § 1928.53's testing requirements permit them to use "gross vehicle weight" in all instances when their vehicle lacks a PTO is unpersuasive. Mot. at 9. The statute states that a vehicle's weight is the greater of two values, either the maximum gross vehicle weight or 110 pounds times the maximum power take-off horsepower at the rated engine speed. § 1928.51(a). When the power take-off is not available, the second value shall be calculated instead as 110 pounds times 95 percent of the net engine flywheel horsepower. Id.

| **Vehicle Weight is the Greater of A or B** | | |
|---|---|---|
| **A** | **B** | |
| Maximum Gross Vehicle Weight | **If PTO horsepower is available:** | **If PTO horsepower is not available:** |
| | 110 lb. x PTO Horsepower | 110 lb. x .95(Flywheel Horsepower) |

When a vehicle lacks a PTO, the value of that vehicle's PTO horsepower is "not available" within the meaning of the statute, and the flywheel horsepower should be used instead.

The Court declines to adopt Defendants' proposed interpretation that the PTO horsepower of a vehicle without a PTO is "available" within the meaning of the statute merely because the horsepower of a nonexistent engine is logically zero. Mot. at 9. Defendants' interpretation would render the last sentence of this provision superfluous because, in cases where a PTO is installed, the PTO horsepower would apply, and,

6

1   in cases where a PTO is <u>not</u> installed, the PTO horsepower would
2   <u>still</u> apply (as zero).  This would mean that the flywheel
3   horsepower value would only apply in situations where a PTO is
4   installed but the PTO horsepower is somehow uncalculatable.
5   Mot. at 12.  Given that Defendants suggest that PTO horsepower
6   can be calculated even when a PTO does not exist, the Court
7   declines to credit their suggestion that PTO horsepower might
8   be uncalculatable when a PTO does exist.
9       As Defendants noted, the Court "must interpret statutes as
10  a whole, giving effect to each word and making every effort not
11  to interpret a provision in a manner that renders other
12  provisions of the same statute inconsistent, meaningless, or
13  superfluous."  <u>Boise Cascade Corp. v. U.S. E.P.A.</u>, 942 F.2d
14  1427, 1432 (9th Cir. 1991).  As such, the Court concludes that,
15  in the absence of a PTO, Defendants were required under
16  § 1928.51(a) to compare their vehicle's gross vehicle weight
17  with 110 pounds times 95 percent of the net engine flywheel
18  horsepower and to use the greater value in their ROPS tests.
19  Plaintiff alleges Defendants failed to do so.  Compl. ¶ 37.
20  The Court finds that this allegation is sufficient to state an
21  actionable misrepresentation under the CLRA, UCL, and FAL at
22  this motion to dismiss stage.
23      2.   <u>Specific Acts</u>
24      Defendants contend Plaintiff failed to satisfy the
25  specificity requirement of Rule 9(b) because "he lumps AHM and
26  HMC together, without identifying which defendant—AHM or HMC—
27  made the alleged statements."  Mot. at 14.  Outside these
28  lumping statements, Defendants argue, "Spencer does not

7

1   attribute a single statement to HMC." Id.  However, the Ninth
2   Circuit has held "[t]here is no flaw in a pleading . . . where
3   collective allegations are used to describe the actions of
4   multiple defendants who are alleged to have engaged in precisely
5   the same conduct." United States ex rel. Swoben v. United
6   Healthcare Ins. Co., 848 F.3d 1161 (9th Cir. 2016), 1184.
7   "Plaintiff's assertion throughout the Complaint [is] that both
8   Honda Motor and American Honda cheated on the ROPS test and
9   misrepresented their UTVs as ROPS compliant." Opp'n at 13.  As
10  such, Plaintiff's use of "Defendants" or "Honda" to refer to
11  both defendants does not run afoul of the specificity
12  requirements of Rule 9(b).  The Court finds that Plaintiff has
13  sufficiently pled specific acts under Rule 9(b) and declines to
14  dismiss his claims for this reason.

15       3.   Equitable Restitution and Injunctive Relief

16       Defendants next move to dismiss Plaintiff's claims for
17  equitable restitution and injunctive relief under the CLRA, UCL,
18  and FAL, arguing that Plaintiff's claims for equitable remedies
19  fail under Sonner v. Premier Nutrition Corp., 971 F.3d 834 (9th
20  Cir. 2020), because Plaintiff fails to show he lacks an adequate
21  remedy at law.

22       With respect to injunctive relief, this Court, applying
23  Sonner, found that a "plaintiff may pursue her equitable claims
24  for injunctive relief to the extent they are premised on alleged
25  future harm." Roper v. Big Heart Pet Brands, Inc., 510 F. Supp.
26  3d 903, 918 (E.D. Cal. 2020).  In Roper, the plaintiff alleged
27  facts about deceptively labeled dog food that were of
28  "sufficient detail to support, by way of inference, an alleged

8

practice of false advertising with respect to the Products." Id. This and the plaintiff's allegation that "she and other future purchasers will continue to be misled" was "sufficient to suggest a likelihood of future harm amendable to injunctive relief." Id.

Here, Plaintiff has made similar allegations that Defendants made misrepresentations about their UTVs' compliance with OSHA requirements and that these misrepresentations "will continue to cause irreparable injury to consumers unless enjoined or restrained." Compl. ¶ 125. However, Plaintiff has not alleged that he and others are at risk for future harms nor that they intend to shop for or buy UTVs in the future. As such, Plaintiff has not sufficiently pled a prospective harm that would be redressed by an injunction. Accordingly, the Court dismisses Plaintiff's claims for injunctive relief without prejudice.

With respect to equitable restitution, the Court agrees with Defendants that Sonner controls. In Sonner, the Ninth Circuit held that a plaintiff must allege the absence of an adequate legal remedy to obtain equitable relief in a case pending before a federal court. Sonner, 971 F.3d at 840-41. Plaintiff's complaint states numerous times that he and the putative class "are damaged based on the benefit of the bargain" and "have lost money or property" as a result of Defendants' alleged misconduct. Compl. ¶¶ 41, 44, 49-50, 92, 107, 123-24. As such, the Court finds that Plaintiff has an adequate remedy at law. The Court dismisses Plaintiff's request for equitable restitution without prejudice. See Guzman v. Polaris Indus.,

1  No. 21-55520, 2022 WL 4543709 (9th Cir. Sep. 29, 2022) (holding
2  that dismissal of claims for lack of equitable jurisdiction
3  should be without prejudice).

### III.  ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.  Defendants' Motion to Dismiss Plaintiff's claims for injunctive relief and equitable restitution under the CLRA, FAL, and UCL is GRANTED WITHOUT PREJUDICE.  The remainder of Defendants' Motion to Dismiss is DENIED.  If Plaintiff intends to file an amended complaint, he must do so within twenty (20) days of this Order. Defendants' responsive pleading is due twenty (20) days thereafter.  If Plaintiff does not file an amended complaint, the case will proceed on the remaining claims in his complaint.

IT IS SO ORDERED.

Dated: October 25, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE